Law Library

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,

vs.

SKYLOR SEKOOL RECHIRIKL,

Defendant.

)
)
)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CF0704-10**

**DECISION AND ORDER
ON DEFENDANT'S MOTION TO
DISMISS**

This matter came before the HONORABLE VERNON P. PEREZ on December 6, 2011 on Defendant's Motion to Dismiss. Attorney Raymond B. Ilagan represented Defendant, who was present. Attorney James C. Collins appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with two counts of Vehicular Negligence as a Third Degree Felony. Defendant requests dismissal as he argues that the time from the filing of the criminal Complaint against him to the time he was arraigned was in violation of the Prompt Arraignment Rule recently handed down by the Supreme Court of Guam in *People v. Rasauo*, 2011 Guam 14 (hereinafter "*Rasauo II*").

## DISCUSSION

Defendant argues that this case be dismissed for violation of the rule put forth in *Rasauo II. See also* 8 GCA §60.10. The recent Supreme Court decision *Rasauo II* requires dismissal where a defendant is not arraigned within 60 days of the date of filing of a formal criminal complaint. Yet, as the Government argues, delay in arraignment may be excused where "good cause" is shown. *Id.* at ¶14. In *Rasauo II,* the Guam Supreme Court found that delay created from the Government choosing to continue with a separate charge before proceeding on a second crime was not good cause delay. Here, the Government alleges that their office was not negligent in dealing with the Defendant and did the most that it could do to expedite

proceedings against Defendant. The Government believes that good cause delay exists where the Courts is at fault for setting first appearance hearings beyond 60 days from a formal complaint. In furtherance of that contention, the Government puts forth that the *Rasauo II* decision is focused on prosecutorial delay and does not apply the same strict standards for all Government agencies affiliated with criminal proceedings that exist for the Speedy Trial Right. 8 GCA § 80.60. On the other hand, Defendant argues that even the Court and its officers are subject to the Prompt Arraignment Right defined in *Rasauo II*. That is the crux of the issue before the Court now. Should the Court dismiss a criminal case where the Court system is responsible for a defendant not getting to arraignment until 60 days after the complaint was filed?

Defendant argues that the Supreme Court, in *Rasauo II,* aligned prompt arraignment with the Speedy Trial Right by applying the same 60 day standard for a defendant who is not incarcerated. Defendant cites to another Guam Supreme Court decision which the *Rasauo II* Court also quoted. In *People v. Stephen*, the Court stated that prompt arraignment is "a statutory expression of the speedy trial right". 2009 Guam 8 ¶32. Defendant argues that in dismissal motions arising from a violation of the Speedy Trial Right, the courts may also be responsible for the violation. In Speedy Trial Right violations, the remedy is the same as if the Government created the delay, which is at minimum dismissal when no good cause is found. Defendant concludes by arguing that if the Supreme Court intended to align prompt arraignment with the Speedy Trial Right, that the standards applying to the Speedy Trial Right also apply.

The Government argues that the intent behind *Rasauo II* was not to ensure that the courts promptly place all hearings for a Defendant's first appearance within 60 days. The Government contends that the Guam Supreme Court meant only to deter prosecutorial delay or negligence in prosecuting cases. In addition, the Government claims that it would be unreasonable to ask that the calendar for all Guam courts be subject to a 60 day window for arraignments of criminal defendants. This Court interprets the *Rasauo II* decision such that the Superior Court is required to adjust calendaring procedures in accordance with the Prompt Arraignment Rule put forth in *Rasauo II*.

This Court finds no relevant controlling precedent in case law to base its decision, but finds it abundantly clear that the Guam Supreme Court did imply that the courts are also responsible for ensuring prompt arraignment. That intent is clear considering the Guam Supreme Court declaring that "this principle is directly embodied in our statutory framework" and quoting 8 GCA §80.50(a) directly after that statement, which provides:

> the welfare of the people of the territory of Guam requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice. (2006).

Therefore, the Supreme Court made it clear that it intended the Superior Court and its officers to be subject to the Prompt Arraignment Rule put forth in *Rasauo II.* Here, there were more than 60 days from complaint to arraignment and the Court created delay can require dismissal if there is no good cause shown as determined above. The issue now becomes whether there was good cause for delay that the Court and its officers created in arraigning the Defendant?

The Complaint was filed December 2, 2010 and a summons was issued by the Court on the same day for Defendant to return December 15, 2010 at 10:00a.m.. The expected arraignment hearing was scheduled well within the 60 day limit. Defendant did not appear and the Court re-issued a summons on December 22, 2010 for January 26, 2011. Defendant did not show at either the December 15, 2010 or the January 26, 2011 hearing. A bench warrant was issued January 28, 2011 and Defendant was arrested at some point and released on March 23, 2011. Upon release Defendant was handed a summons for April 13, 2011 which was the same date of his arraignment. The question of good cause rests on the difficulty in locating Defendant as the Court system clearly attempted to get Defendant arraigned in a timely fashion.

There were numerous efforts to serve the Defendant a summons and eventually a bench warrant was issued for his arrest. The Court must find good cause to exist where every effort possible was made to contact Defendant, notify him of the arraignment hearing and get him to court. Absent other evidence the Court must presume that public officers have fulfilled their official duties. *U.S. v. Chemical Foundation*, 272 U.S. 1, 6 (1926); *See The Confiscation Cases,*

87 U.S. 92 (1873). Here, nothing suggests the Marshals were inadequate in their attempts to locate and serve Defendant. Thus, there must be good cause found for the delay that went beyond the 34 days that expired as the Marshalls made attempts to serve Defendant and are presumed to have carried out their duties. There were two affidavits of non-service filed on December 23, 2010 and January 24, 2011 which indicates that Defendant was difficult to locate. Furthermore, the Magistrate Judge filed a Declaration and Recommendation of Magistrate Court on January 27, 2011. Within that document, the section indicating reasonable and diligent attempts to serve Defendant with summons was checked off. Thus, in addition with the other evidence mentioned above, this Court has more than adequate evidence to find that the Marshals performed their duties diligently. Good cause existed in the time frame from the first failure to appear to service of the bench warrant. Defendant's Prompt Arraignment Right was not violated as less than 60 days expired where good cause was not found to excuse the delay. Thus, the Court could subject a criminal case to dismissal by scheduling arraignment outside the 60 day window, but that did not happen in the present case and all delay over 34 days was attributable to good cause[1].

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss. The Parties will return on March 13, 2012 at 10:00a.m. for Criminal Trial Setting.

So **ORDERED** this 5th day of March, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the forego··
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

MAR 0 5 2012

Jerime K. D·anas
Deputy Clerk Superior Court of Guam

---

[1] The 34 days is obtained from the date of the filing of the complaint to December 15, 2010, the expected arraignment date plus the days from Defendant's release to his actual arraignment March 23, 2011 to April 13, 2011.